IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN INC. and )
LES LABORATOIRES SERVIER, )
)
Plaintiffs, )
)
v. ) C.A. No. 20-105 (CFC)
)
BIONPHARMA, INC., )
)
Defendant. )

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

Plaintiffs Amgen Inc. ("Amgen") and Les Laboratoires Servier ("Servier") and

Defendant Bionpharma Inc. ("Bionpharma"), the parties in the above-captioned action, hereby

stipulate to the entry of an order of dismissal this action, as follows:

**WHEREAS,** Plaintiffs and Defendant have resolved the Action for good cause and

valuable consideration.

**IT IS HEREBY STIPULATED,** by and through their counsel of record, that

pursuant to Fed. R. Civ. P. 41(a)(2), and in consideration of the good cause and valuable

consideration recognized by the Parties, Plaintiffs and Defendant hereby agree and stipulate to the

following, subject to the approval of the Court:

IT IS this __ day of _____, 2021:

ORDERED, ADJUDGED, AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of the above action and

has personal jurisdiction over the parties for purposes of this action only, including as set forth

below in Paragraph 10 and Paragraph 11 of this Stipulation and Proposed Order of Dismissal.

2.      The Parties waive all right to appeal from this Stipulation and Order of Dismissal.

3.      As used in this Stipulation and Order, the term "Patents-in-Suit" shall mean U.S. Patent Nos. 7,361,649; 7,361,650; 7,867,996; and 7,879,842.

4.      As used in this Stipulation and Order, the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with Bionpharma; for purposes of this definition, "control" (including the terms "controlled by" and "under common control with") of a business entity means (a) the direct or indirect ownership of more than fifty percent (50%) of the voting stock or other voting interest in such entity; (b) the right to appoint more than fifty percent (50%) of the directors or management of such entity; or (c) the power to otherwise control or direct the decisions of the board of directors or similar body governing the affairs of such entity, provided that such other person shall be deemed an Affiliate of such first person only during the time that such control exists.

5.      As used in this Stipulation and Order, the term "Bionpharma ANDA Product" shall mean the 5 mg and 7.5 mg ivabradine tablet products that are the subject of the abbreviated new drug application filed by Bionpharma and referencing Amgen's NDA No. 20-6143.

6.      As used in this Stipulation and Order, the term "Territory" shall mean the United States of America, its territories, possessions, protectorates and the Commonwealth of Puerto Rico.

7.      As used in this Stipulation and Order, the term "Marketing Partner" shall mean up to two entities engaged by Bionpharma to assist with the importation, marketing, sale,

distribution, and promotion of the Bionpharma ANDA Product in the Territory and identified by Bionpharma to Plaintiffs as such.

8.      Bionpharma has admitted, for itself and any Marketing Partners, Affiliates, agents, successors, and assigns, that the Patents-In-Suit are valid and enforceable.

9.      Any Protective Order entered by the Court in this action shall remain in full force and effect notwithstanding the conclusion of this action, except that paragraph 36 of the Stipulated Protective Order (*see* D.I. 30) shall not apply to materials produced by Bionpharma related to the composition or manufacturing of the Bionpharma ANDA Product before the expiration of the last-to-expire of the Patents-in-Suit.

10.      Compliance with this Stipulation and Order may be enforced by Amgen or Servier and their respective successors in interest or assigns.

11.      This Court retains jurisdiction to enforce the terms of this Stipulation and Order and to enforce and resolve any disputes related thereto.

12.      All claims, counterclaims, affirmative defenses and demands in this action are hereby dismissed without prejudice and without costs, disbursements, or attorneys' fees to any party.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Brian P. Egan
_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
*Attorneys for Plaintiffs*
*Amgen Inc. and Les Laboratoires Servier*

OF COUNSEL:

Lisa B. Pensabene
Hassen A. Sayeed
Daniel O'Boyle
Carolyn Wall
James Li
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
(212) 326-2000

*Attorneys for Plaintiffs*
*Amgen Inc. and Les Laboratoires Servier*

Wendy A. Whiteford
Steven T. Tang
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA  91320-1789
(805) 447-1000

James A. High Jr.
AMGEN INC.
1120 Veterans Blvd.
South San Francisco, CA  94080
(650) 244-2000

*Attorneys for Plaintiff Amgen Inc.*

FOX ROTHSCHILD LLP

/s/ Gregory B. Williams
_____

Gregory B. Williams (#4195)
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington DE  19899-2323
(302) 622-4211
gwilliams@foxrothschild.com

*Attorneys for Defendant Bionpharma Inc.*

OF COUNSEL:

Howard S. Suh
101 Park Avenue, 17th Floor
New York, NY 10178
(212) 878-7914

4

SO ORDERED this ___ day of _____, 2021.


_____
The Honorable Colm F. Connolly
United States District Court Chief Judge